**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**Rosemary Bailey (claimant),**
**dependent of Sherman Bailey (deceased),**
**Claimant Below, Petitioner**

**v.)**　　**No. 24-645**　(JCN: 890067339)
　　　　　　　　　(ICA No. 24-ICA-58)

**Pine Ridge Coal Company, LLC,**
**Employer Below, Respondent; and**
**West Virginia Offices of the Insurance**
**Commissioner, in its capacity as**
**administrator of the Old Fund,**
**Respondent**

**MEMORANDUM DECISION**

Petitioner Rosemary Bailey (claimant), dependent of Sherman Bailey (deceased), appeals the September 4, 2024, memorandum decision of the Intermediate Court of Appeals of West Virginia ("ICA"). *See Bailey v. Pine Ridge Coal Co.*, No. 24-ICA-58, 2024 WL 4041357 (W. Va. Ct. App. Sept. 4, 2024) (memorandum decision). Respondent West Virginia Offices of the Insurance Commissioner ("WVOIC"), in its capacity as administrator of the Old Fund, filed a timely response.[1] The issue on appeal is whether the ICA erred in affirming the January 17, 2024, decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"), which affirmed the claim administrator's December 7, 2021, order denying the claimant's claim for death benefits for occupational pneumoconiosis. Prior to the denial of death benefits, the claim administrator referred the claim to the Occupational Pneumoconiosis Board ("OP Board"), which (1) found that the decedent died from cardiac complications of influenza; (2) attributed the decedent's chronic obstructive pulmonary disease ("COPD") to his history of cigarette smoking; and (3) concluded that occupational pneumoconiosis did not materially contribute to the decedent's death.

The claimant asserts that the decedent stopped smoking cigarettes decades before his death. The claimant argues that the decedent's treating physician, Charles E. Porterfield, D.O., stated that

---

[1] The claimant is represented by counsel Reginald D. Henry and Lori J. Withrow, and WVOIC is represented by counsel James W. Heslep. The employer, Pine Ridge Coal Company, LLC, did not file a response.

the decedent's smoking history was minimal compared to the decades-long exposure the decedent had to occupational dust. The claimant argues that, during his lifetime, the decedent received permanent partial disability awards for occupational pneumoconiosis totaling 50%. The claimant argues that Dr. Porterfield found that occupational pneumoconiosis contributed to the decedent's death. Therefore, the claimant argues that the OP Board's determination that occupational pneumoconiosis did not materially contribute to the decedent's death was clearly wrong. WVOIC counters by arguing that the OP Board provided unequivocal testimony that occupational pneumoconiosis did not materially contribute to the decedent's death. WVOIC argues that the Board of Review found that the OP Board's determination was not clearly wrong, and the ICA appropriately affirmed the Board of Review's affirmation of the denial of death benefits for occupational pneumoconiosis.[2]

This Court reviews questions of law de novo, while we accord deference to the Board of Review's findings of fact unless the findings are clearly wrong. Syl. Pt. 3, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024). Upon consideration of the record and briefs, we find no reversible error and therefore summarily affirm. *See* W. Va. R. App. P. 21(c).

Affirmed.

**ISSUED: May 28, 2025**

**CONCURRED IN BY:**

Justice Elizabeth D. Walker
Justice Tim Armstead
Justice C. Haley Bunn
Justice Charles S. Trump IV

**DISSENTING:**

Chief Justice William R. Wooton

Wooton, Chief Justice, dissenting:

I dissent to the majority's resolution of this case. I would have set this case for oral argument to thoroughly address the error alleged in this appeal. Having reviewed the parties' briefs and the issues raised therein, I believe a formal opinion of this Court was warranted, not a memorandum decision. Accordingly, I respectfully dissent.

---

[2] West Virginia Code § 23-4-6a provides that the OP Board's findings are entitled to deference "unless clearly wrong in view of the reliable, probative and substantial evidence on the whole record."